UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br>EDMI OLIVO LANDRAU<br>SSN #4209<br>Debtor | BANKRUPTCY 22-03403 MCF<br>CHAPTER 13 |
| **DEBTOR OPPOSITION TO TRUSTEE OBJECTION TO EXEMPTIONS at doc #31 & REQUEST ADDITIONAL TIME SHOULD COURT ORDER FURTHER SUPPORT NEEDED** | |

TO THE HONORABLE COURT:

COMES NOW L.A. MORALES & ASSOCIATES P.S.C. by the undersigned attorney LYSSETTE A MORALES who respectfully responds to Trustee's Report on Confirmation, as follows:

This case was filed under chapter 13 on **November 25, 2022**. The §341 Meeting of Creditors was heard and closed on **December 28, 2022**. After the §341 Meeting of Creditors, the Schedules were amended at doc #12, in response to Trustee's observations. The first Unfavorable Report filed by the Chapter 13 Trustee at doc #13 was responded to at doc #14, although Trustee withdrew his first Unfavorable Report on Confirmation at doc #27, although he did file another *Unfavorable Report* at doc #26. The Plan was amended at doc #28 on January 17, 2023, and Trustee has again Unfavorably recommended the Amended Plan dated January 17, 2023.

Trustee has now also objected exemption to debtor's homestead claimed under Law 195 because it is not sufficiently described citing a case by the Honorable Judge Lamoutte.

Trustee's *Objection to Exemption* does not give notice of time to respond or object, so we are filing the same without further legal research than that provided herein. Should this Court require additional support, debtor seeks additional time of at least 30 days upon such Order to adequately research and argue what we believe to be a burdensome and added requirement not contemplated by the national forms or bankruptcy rules and procedures.

Debtor opposes Trustee's *Objection to Exemption* on the same basis as that contained at debtor's doc #14 at ¶3, page 2 of 25, exhibits #3 and #4, and at doc #29 at page 6 of 7 at ¶4(g).

1

Debtor in her sworn petition and schedules shows her intention clearly under pain of perjury that she is entitled to the homestead exemption under the Puerto Rico homestead law as adequately described and sworn to in her schedules. Debtor most effectively resides therein. Her Schedules are *prima facie* correct and the *onus* of establishing the contrary is on Trustee who debtor understands to have the burden of proof applied under Rule 4003(c), despite use of state law homestead law.

Trustee has not asserted that the debtor has acted in bad faith or with the intent to conceal property and/or would prejudice creditors for determinately relying on the exemption schedule.

Accordingly, it is debtor's contention that the Trustee has not carried or met his burden of proof by either a preponderance or clear and convincing evidence that the exemption by debtor under Puerto Rico Homestead Law 195 is not properly claimed in debtor's Schedule C.

The burden of proof is on the objecting party with evidence that debtor is not entitled to claim her home as her homestead. Trustee has received more than sufficient proof of ownership, including debtor's testimony or declaration under oath during the §341 Meeting of Creditors. Why recur to superfluous requirements or documentation of a sworn or unsworn statement or the like when the Schedules are already signed under penalty of perjury? It is superfluous to add requirements that spell out the exact information given under oath in the schedules and to the Trustee at the §341 meeting by the debtor when asked specifically what he today seeks additional documentation. The exemption was properly claimed as required in the national forms.

We believe that Trustee cannot successfully rebut the presumption under Rule 4003(c), nor can he produce and persuade this Court that debtor is not residing in the homestead claimed in the schedules and as claimed by Public Deed.

Federal R. Bankr P 4003, places the burden of proof on the objecting party to establish that an exemption is not properly claimed. "The rule reflects the Code provision making a debtor's properly listed exemptions presumptively valid. *In re Genzler,* 426 B.R. 407, 418 (Bankr. D. Mass. 2010). "If the objector introduces evidence effectively challenging the exemption, the burden shifts to the debtor to produce evidence in support of his claim. *In re Toppi*, 378 B.R. 11 (Bankr D Me. 2007), as

amended (Nov. 15, 2007). See also *In re Roberts*, 280 B.R. at 544-45 ("if the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper . . . the burden of persuasion, however, always remains with the objecting party.")(quoting *In re Carter*, 182 F 3d 1027, 1029 (9th Cir. 1999). *In re Genzler*, 426 B.R. at 418.

Using and citing a decision by our good judge Lamoutte is insufficient as to the entitlement of the exemption, *albeit* not having supported her claim by an added superfluous statement stating in essence the same that has already been disclosed and scheduled at Schedules A/B & C.

Exemptions should always be granted liberally uncomplicated by artificial requirements or added sworn statements separate and apart from the petition and Schedules which are all sworn under penalty of perjury. Furthermore, we repeat: Debtor testified under oath at the §341 to Trustee's question as to this issue, and debtor assured Trustee under oath that she resides at the property for which Homestead has been claimed and as such she is entitled to her residence's protection under Law 195. Debtor has also provided Trustee with Title Search, Registry Certificate and a copy of the Deed Claiming Homestead.

In the cae of *Quiñnoes v Gutierrez*, 29 P.R.R. 718 (1921), the Puerto Rico Supreme Court stated: "*[i]nasmuch as statutes exempting certain properties from execution are remedial in character,* **they should be construed liberally in favor of the debtor . . . .** " (Emphasis added.

It is the Trustee to show why despite her claim to her homestead that she is not entitled to such an exemption. Objecting on the basis of requiring another artificial document or certification somewhere else, swearing to the same is useless and burdensome, in our opinion. Debtor properly claimed her exemption under the prescribed schedules and forms as required therein.

We quote our address of this issue at doc #29:

"g.   ISSUE WITH EXEMPTIONS:

3

(vii) "Debtor in Schedule C does not declare under penalty of perjury if the residence related to homestead is her principal residence nor if the homestead is registered or not."

Debtor has claimed the property as her homestead. Refer to **Exhibits #3** and also see Claim #4 filed by BPPR which includes a recent Title Search disclosing the claim to Homestead recorded in the Property Registry. Additionally, by debtor signing her Schedules under penalty of perjury [Schedule A/B and Schedule C], as well as the debtor's declaration during the §341, that she resides in her property where she has described in Schedule A/B and claimed in Schedule C, the subject property as her homestead. We fail to see where else this declaration is required in the schedules or in the Bankruptcy Rules. Also see Claim #4 attached and marked as **Exhibit #4** which also shows that before the Property Registry debtor has done the same to declare her home as her homestead, which can only be claimed if the owner lives and resides therein**.**

We have corresponded electronically with the Trustee and have called and left messages with the Trustee's office on two occasions in attempt to iron out these objections, in our quest to allow for a more efficient, practical and more economical confirmation process. We have been unsuccessful in this regard to be able to speak to a human at the Trustee's Office although we have left a recorded message with Reception today, and another voice message earlier with Administration. These have not been responded to by the Trustee's Office."

We also quote our opposition and response to Trustee at doc #14 at page 2 of 25:

"3. **Issues with Exemptions:**

c. "Debtor in Schedule C does not declare under penalty of perjury if the residence related to homestead is her principal residence nor if the homestead is registered or not."

(iii) Debtor signed and has sworn under penalty of perjury in her Voluntary Petition and Schedules that she has claimed the real property disclosed in Schedule A/B to be her homestead as per description of the property. We do not know of any other place in the Schedule forms that this debtor may have omitted disclosing her claimed homestead in this regard and/or where she may otherwise be required to provide information swearing to her home being her primary residence in any other schedule or

question in the Schedules. During the §341 meeting, debtor also swore that her residence is her homestead and that she resides therein. Additionally, a copy of the Deed of Homestead, that debtor also swore to when asked during the §341, also shows that the property is her principal residence. This *Homestead Deed* has been uploaded to Trustee's document system. Additionally, the mortgage creditor's claim includes a very recent Title Search which also shows debtor's claim to homestead at claim #4. See attached *Acta Sobre Hogar Seguro* that also includes a recent Registry Certification marked **Exhibit #3** and also attached and marked herein as **Exhibit #4** is an even more recent Title Search of the subject property attached by the mortgage creditor to its Claim #4.

**Schedule A/B reads as follows:** *"Resd prop 3b/2b 208.853 s/m lot Rpto Contemporaneo Sabana Llana Rio Piedras valued @ $95,000 less hypothetical liquidation costs. Homestead claimed under PR Law 195."*

Trustee's *Objection to Exemptions* should be denied. Trustee's arguments are without merit and he does not meet his burden of proof. Debtor respectfully requests this Honorable Court to deny his objection.

WHEREFORE debtor respectfully prays that the Trustee's *Objection to Exemption* be denied, in the alternative that this Court find that further argument and support is needed on this subject, debtor requests 30 days from such Order.

I HEREBY CERTIFY, that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF Filing System which will send a notification, upon information and belief, of such filing to the UST and to the Chapter 13 Trustee and to all subscribed users.

UNITED STATES TRUSTEE ustpregion21.hr.ecf@usdoj.gov

CHAPTER 13 TRUSTEE Alejandro Olivera, Esq. &

Chapter 13 Staff Attorney to the Trustee, Pedro Medina, Esq. pmedina@ch13sju.com

In Caguas, Puerto Rico, this February 9, 2023.

        s/**LA Morales**

LYSSETTE A MORALES VIDAL
USDC PR #120011

L. A. MORALES & ASSOCIATES PSC
#76 AQUAMARINA STREET
CAGUAS PR 00725-1908
TEL. (787) 746-2434 eFAX (855) 298-2515
E-mail: lamoraleslawoffice@gmail.com